IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

Stanley Moss,                          )        Case No. 8:19-cv-02651-DCC
                                       )
              Plaintiff,               )
                                       )
v.                                     )              **ORDER**
                                       )
Hutchens Law Firm, US Bank and         )
National Association as Legal Title     )
Trustee for Truman 2016 SC6 Title      )
Trust, Ashley Z. Stanley, Fay Servicing )
 LLC, Novastar Mortgage, MERS,         )
                                       )
              Defendant.               )
_____ )

Plaintiff, proceeding pro se and in forma pauperis, brings this action alleging that

Defendants have violated various state and federal laws related to a foreclosure action

currently pending in state court.  ECF No. 1.  In accordance with 28 U.S.C. § 636(b) and

Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate

Judge Jacquelyn D. Austin for pre-trial proceedings and a Report and Recommendation

("Report").  On October 15, 2019, the Magistrate Judge issued a Report recommending

that this action be dismissed without issuance of service of process. ECF No. 15.  Plaintiff

filed objections to the Report.[1]  ECF No. 20.

---

[1] Plaintiff also filed a letter in which he states that he wishes to amend his
Complaint to add an address for a Defendant and change the county where he alleges
the violations occurred.  ECF No. 19.

## LEGAL STANDARD

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## ANALYSIS

As explained in the Report, this matter arises from a state court foreclosure action.[2] In his Complaint and attachments, Plaintiff raises 12 causes of action. The Court will

---

[2] The Court takes judicial notice of that foreclosure action, which remains pending against Plaintiff in the Anderson County Court of Common Pleas at case number 2019-CP-04-00984 (the "Foreclosure Action"). *See Philips v. Pitt Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (explaining that courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

address his claims as grouped by the Magistrate Judge.[3]

### *Plaintiff's Claims for Injunctive Relief*

The Magistrate Judge recommends denying Plaintiff's request for injunctive relief. ECF No. 15 at 9–10.  Plaintiff does not specifically object to this recommendation; however, he does reiterate that he believes his mortgage is invalid.  ECF No. 20.  To the extent he intends this as an objection, it is overruled.  *See Hayes v. JP Morgan Chase Bank*, No. 3:13-cv-1884-JFA, 2014 WL 4198897, at *5 (D.S.C. Aug. 20, 2014) ("Plaintiff's request for a declaration that the mortgage and note are unenforceable preempts the foreclosure and has 'the same effect' as his request for an injunction to prevent foreclosure; both 'result in precisely the same interference with and disruption of state proceedings that the long-standing policy limiting injunctions was designed to avoid.'" (internal citation omitted)).

### *Plaintiff's TILA Claim*

The Magistrate Judge recommends dismissal of Plaintiff's claim brought pursuant to the Truth in Lending Act ("TILA") because he fails to state a claim for relief and because it is time-barred.  ECF No. 5 at 11–13.  In his objections, Plaintiff concedes that this claim is time-barred.  Accordingly, upon review of the record, the applicable law, and the Report of the Magistrate Judge, the Court agrees with the recommendation of the Magistrate Judge.  Plaintiff's TILA claim is dismissed.

---

[3] In his objections, Plaintiff states that "if this suit is allowed to go forward, I will only list the attorney, Law Firm, and Fay Servicing as Defendants . . . "  Accordingly, it appears to the Court that he has abandoned his claims against the other Defendants.

### Plaintiff's RESPA Claim

The Magistrate Judge recommends dismissal of Plaintiff's claim brought pursuant to the Real Estate Settlement Procedures Act ("RESPA") because Plaintiff's allegations fail to provide sufficient facts to state a plausible claim and the claim is time-barred. ECF No. 15 at 13–15. Plaintiff again concedes that this claim is time-barred. Accordingly, upon review of the record, the applicable law, and the Report of the Magistrate Judge, the Court agrees with the recommendation of the Magistrate Judge. Plaintiff's RESPA claim is dismissed.

### Plaintiff's FDCPA Claim

The Magistrate Judge recommends dismissal of Plaintiff's claim brought pursuant to the Fair Debt Collection Practices Act because Defendant Fay Servicing, as a mortgage servicer, is not a debt collector under the Fair Debt Collection Practices Act ("FDCPA"). ECF No. 15 at 14–15. Plaintiff objects and asserts that, because they are attempting to collect a debt, Defendant Fay Servicing is a debt collector under the FDCPA.

Upon de novo review of the record, the applicable law, and the Report, the Court agrees with the recommendation of the Magistrate Judge and overrules Plaintiff's objection. *Bartley v. Wells Fargo Bank, NA*, No. 3:14-cv-3814-CMC, 2015 WL 5158708, at *8 (D.S.C. Sept. 2, 2015) ("The distinction between debt collectors and non-debt collectors in the FDCPA is whether the individual or business is attempting to collect money owed to it or to another."); *Brown v. Wachovia Bank*, No. 8:10-cv-1816-HMH-JDA, 2011 WL 5024297, at *3 (D.S.C. Sept. 30, 2011) ("[C]reditors collecting their own debts are not 'debt collectors' for purposes of the FDCPA and are exempt from the FDCPA's

provisions."); *Green v. Rosenberg & Assocs., LLC*, No. CV PJM 17-732, 2018 WL 1183655, at *4 (D. Md. Mar. 7, 2018), *aff'd sub nom. Green v. Rosenberg & Assocs., LLC for PrimeStar-H Fund I Tr.*, 731 F. App'x 240 (4th Cir. 2018), and *aff'd sub nom. Green v. Rosenberg & Assocs., LLC for PrimeStar-H Fund I Tr.*, 731 F. App'x 240 (4th Cir. 2018) ("[I]n the Fourth Circuit, the default status of a loan has no bearing on whether a person qualifies as a debt collector under § 1692a(6)." (citing *Henson v. Santander Consumer USA, Inc.*, 817 F.3d 131, 135 (4th Cir. 2016)). Accordingly, Plaintiff's FDCPA claim is dismissed.

### Plaintiff's State Law Claims

Because this action is in federal court on the basis of federal question jurisdiction[4] and the Court has found that Plaintiff's federal claims should be dismissed, the undersigned would only retain jurisdiction over Plaintiff's state law claims through supplemental jurisdiction. In deciding whether to exercise supplemental jurisdiction, courts look at "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995). Further, the Supreme Court has warned that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of

---

[4] As explained by the Magistrate Judge, a civil action for Plaintiff's state law claims could be cognizable in this Court under the diversity statute if that statute's requirements are satisfied. *See* 28 U.S.C. § 1332. However, this Court does not have diversity jurisdiction in this case because the Complaint alleges that Plaintiff is a citizen of South Carolina, and at least one Defendant, even taking into account the Defendants Plaintiff has offered to dismiss, is a citizen or resident of South Carolina. *See* ECF No. 1 at 2.

applicable law . . . . [I]f the federal claims are dismissed before trial . . . the state law claims should be dismissed as well."  *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

Upon consideration of the *Shanaghan* factors, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

### *Plaintiff's Motion to Amend*

The Magistrate Judge recommends denying Plaintiff's motion to amend as futile.[5] Upon de novo review of the motion, the applicable law, and the Report, the Court agrees that Plaintiff's proposed amendment would be futile.  Accordingly, the motion to amend is denied.  *See Goode v. Cent. Virginia Legal Aid Soc'y, Inc.*, 807 F.3d 619, 623 (4th Cir. 2015); *see also In re PEC Solutions, Inc. Sec. Litig.,* 418 F. 3d 379, 391 (4th Cir. 2005) ("Leave to amend need not be given when amendment would be futile.").

### <u>CONCLUSION</u>

In light of the foregoing, this action is **DISMISSED** without issuance of service of process.  Plaintiff's motion to amend [8] is **DENIED**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

January 17, 2020
Spartanburg, South Carolina

---

[5] The court notes that Plaintiff has not objected to this recommendation.  However, out of an abundance of caution and given the early procedural posture of this case, the Court has reviewed the motion de novo.

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.